THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT LEE BOSWELL, Defendant-Appellant.

(No. 72-201;

Fifth District—December 27, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

No appearance for the People.

PER CURIAM:

The defendant was charged by indictment with arson in violation of Chapter 38, Section 20—1(a), Illinois Revised Statutes. Negotiations with the State's Attorney resulted in a plea of guilty and concurrence of defendant's appointed counsel in a recommended sentence of two to three years. This sentence was imposed as recommended after defendant's express waiver of a hearing in aggravation and mitigation. No issue is raised regarding competence of counsel, and the record shows a commendable adherence by the trial court to the principles of Supreme Court Rule 402.

The sole issue raised is that the minimum sentence should be reduced, to conform with the principles of indeterminate sentencing.

The record indicates that the defendant was single, aged 40 years, unemployed and subsisting on welfare. He was the occupant of the premises burned, which were rented from the owner. The evidence indicated that defendant had set fires in several places in the house, causing considerable damage. Defendant's counsel stated that:

> "\* \* \* the defendant was drinking to some extent that day and also was angry or perturbed about something \* \* \*. It seemed to have been a spur of the moment thing without any malice toward any person, but rather just to destroy something \* \* \*."

This record does not show any facts which would indicate that the sentence imposed would have been an abuse of discretion even in the absence of the extensive plea negotiations and recommended sentence.

Defendant cites *Abernathy v. People* (5th District, 1970), 123 Ill.App. 2d 263, 259 N.E.2d 363, as supporting his contention that the sentence violated the principles of indeterminate sentencing. In *Abernathy* it is true that there was only a one-year difference between minimum and maximum sentences as originally imposed. However, there the similarity between *Abernathy* and the case at bar ends—*Abernathy* involved a sentence of 99 to 100 years, reduced by this court to 20 to 35 years. The court stated:

> "\* \* \* In our view sentence reduction by an Appellate Court is an affirmative function to be employed when necessary to correct error and attain justice. We conclude that the spirit of our law is that a spread between the minimum and the maximum sentence should be provided, so as to permit the Parole and Pardon Board to release the defendant at the best time for all concerned. The 1968 approved draft of the American Bar Association Project on Minimum Standards for Criminal Justice,

Standards Relating to Sentencing, Alternatives and Principles provides:

'In order to preserve the principle of indeterminacy, the Court should not be authorized to impose a minimum sentence which exceeds one-third of the maximum sentence actually imposed.'

\* \* \* we do not believe that Courts are or should be bound to this mathematical formula, but we would \* \* \* view it as— 'A guide and not as a hard-and-fast rule'.

\* \* \* This Court cannot lay down any rule that would be applicable generally to criminal cases as to the required spread between a minimum and a maximum sentence \* \* \*."

The sentence in the instant case, in view of the circumstances, does not appear to be such a departure from the principles of indeterminate sentencing as would require modification by this Court.

Judgment affirmed.